P. W. Snyder, *Admr., Etc., et al. v.* Blanche Abbott.

(No. 6953)

Submitted October 13, 1931.   Decided October 27, 1931.

*J. M. Life* and *A. J. Barnhart,* for appellants.
*W. C. McKee* and *B. J. Pettigrew,* for appellee.

Litz, President:

This is a suit by the administrator (P. W. Snyder) and heirs at law of McHenry Abbott (who died June 19, 1926), against the widow, Blanche Abbott, to cancel a decree pro confesso in her favor, entered in a former suit by her against the present plaintiffs to recover her distributive share in the estate, because the service of process was accepted on behalf of the defendants therein by an attorney without authority.

The bill prays that the decree, complained of, be set aside, and the cause reheard.   The trial court refused to vacate the decree in favor of Mrs. Abbott on the ground that plaintiffs had not shown a meritorious defense to her claim; and they appealed.

She married the deceased June 11, 1925, after nursing him in illness, upon his promise (as she claims) to make her a gift marriage of three thousand dollars.   According to her contention, shortly after the marriage, in compliance with her

request that he fulfill his promise, he placed the money in his room, where she later secured it with his consent. She relies upon his statements thereafter, detailed by two witnesses, that he had promised her a gift before marriage, and her subsequent relations with him. Plaintiffs, on the other hand, contend that she obtained the money surreptitiously, without his consent. The basis of this claim is an alleged statement made by Abbott soon after the money came into her possession that it had been taken without his knowledge. It is conceded that subsequently he gave her other moneys at numerous times and that she attended him in sickness and managed their domestic affairs. Cordial relations for the most part seem to have existed between them until his death.

Plaintiffs not only contend that she should be charged with the three thousand dollars (more than her distributive share), but also rely upon a writing signed by her, dated January 25, 1927, releasing her interest in the estate. She says that she was induced to sign the paper, without reading it, upon the representation of counsel for the administrator that it was a receipt for one hundred dollars of her distributive share, the balance of which would be paid her in a few days; but that her request for the remainder was refused by the attorney on the ground that the writing was a release of her entire interest in the estate.

Want of authority in J. Raymond Gordon of Charleston, the attorney who accepted process on behalf of appellants in the former suit, is clearly established by their testimony and his admissions. Gordon says he informed W. C. McKee, an attorney also of Charleston, who presented the process to him for acceptance, that he did not represent any of the parties in the suit, but would accept service and notify the administrator whom he had theretofore represented in the settlement of the estate, and that after signing acceptance of process he failed to inform the administrator or any of the heirs. McKee does not testify. In passing, we cannot condemn too severely the conduct of an attorney in accepting service of process, in a suit, without authority.

Notwithstanding the bill prays for a rehearing of the issues between the parties, it is now contended by plaintiffs that the trial court should have set aside the decree in the former suit for want of process without considering the merits of the controversy which are cognizable solely in a court of equity. The case appears to have been fully developed during the two years between the institution of the suit and the final decree. The trial court, therefore, rightly dealt with all the issues apparently after full proof. In view of the conflicting evidence on the issues of fact involving the purported release and the alleged gift, we are constrained to affirm the decree.

*Affirmed.*